# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 14, 2012 Session

## STEVEN BARRICK, ET AL. V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.

### Direct Appeal from the Circuit Court for Williamson County
### No. 09470      Derek K. Smith, Judge

---

### No. M2012-01345-COA-R3-CV - Filed December 21, 2012

---

The trial court awarded summary judgment to Defendants, insurance company and its agent, on Plaintiffs' claims for negligence on the basis of duty. We dismiss for failure to appeal a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

William D. Leader, Jr. And Paul J. Krog, Nashville, Tennessee, for the appellants, Steven Barrick and Janice Barrick.

Brigid M. Carpenter, Nashville, Tennessee, for the appellees, State Farm Mutual Automobile Insurance Company and Thomas Harry Jones.

### MEMORANDUM OPINION[1]

This lawsuit was precipitated by a 2008 automobile accident in which the minor son of Steven Barrick (Mr. Barrick) and Janice Barrick (Ms. Barrick; collectively, "the Barricks")

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

crossed the center road line while operating Mr. Barrick's Nissan Maxima and collided with a motorcycle operated by Ross Alderman (Mr. Alderman). Mr. Alderman died at the scene of the accident. At the time of the accident, the Barricks' vehicle was covered under a policy of insurance issued by Defendant State Farm Automobile Insurance Company ("State Farm") that contained a liability limit in the amount of $100,000 per person and $300,000 per occurrence. Mr. Alderman's widow and son asserted a wrongful death claim against the Barricks, seeking damages in the amount of $750,000. The Barricks settled the claim for $200,000, paying $100,000 from their personal funds in addition to $100,000, the limit of their automobile insurance policy, which was paid by State Farm. The Barricks did not have an umbrella liability policy nor excess insurance policy on the Maxima.

On August 7, 2009, the Barricks filed an action against State Farm and its agent, Thomas Harry Jones (Mr. Jones, collectively, "Defendants" ) in the Circuit Court for Williamson County, alleging that Mr. Jones had negligently caused them to be under-insured. The Barricks amended their complaint in September 2008 and again in October 2009. In their second amended complaint (hereinafter, "complaint"), the Barricks asserted that they had been clients of State Farm and Mr. Jones for more than twenty-five years; that the family owned four vehicles for use by Mr. and Mrs. Barrick and two of their three sons; and that each vehicle was covered under a separate policy of insurance issued by Defendants. They further asserted that Defendants held themselves out as professionals and experts with respect to selecting, issuing and servicing personal lines of insurance; that they "totally and exclusively" relied on Defendants for advice and recommendations with respect to the selection of the type, amount and scope of their personal insurance coverage; and that Mr. Jones and his employees "often selected coverage amounts for the Barricks thereby exercising broad discretion with regard to the Barricks' insurance needs." The Barricks asserted that they had a "special relationship" with Defendants; that they reasonably relied on Defendants to adequately maintain their insurance coverage; and that Defendants appreciated their duty of giving advice. The Barricks alleged Defendants never recommended or selected an umbrella policy or excess insurance policy, and never recommended or selected higher liability limits for the Maxima. They further asserted that Defendants selected the liability insurance limits of the Barricks' policies. The Barricks asserted that they did not direct Mr. Jones with respect to their insurance coverage; that they did not choose their coverages; that they did not give Mr. Jones any specific instructions as to their insurance coverages. They asserted that they relied exclusively on Mr. Jones to choose and select their coverage.

The Barricks alleged that Mr. Jones assumed additional responsibilities beyond those ordinarily attached to an insurance agent, and that Mr. Jones thereby obligated himself to affirmatively act on their behalf to insure that they had adequate insurance coverage. They alleged that Defendants had a duty to advise them regarding the kind and extent of coverage

they needed, and to choose appropriate coverage. The Barricks alleged that Defendants negligently failed to select adequate insurance coverage and to advise them that they should obtain more or additional coverage, including an excess or umbrella policy. They further alleged Defendants engaged in unfair and deceptive acts in violation of the Tennessee Consumer Protection Act ("TCPA"). They also asserted additional claims against State Farm for negligent training and supervision. The Barricks prayed for an award of compensatory damages in the amount of $500,000; damages under the TCPA, including treble damages and attorney's fees; and punitive damages in an amount to be determined by the trier of fact.

In November 2009, Defendants answered and denied allegations of fault. State Farm denied that it had a duty to select or recommend an insurance policy for the Barricks, and denied that it had a duty to select liability limits for the policy of insurance applicable to the Maxima. State Farm further denied that Mr. Jones did not recommend an umbrella or excess policy, and generally denied that it had a duty to advise the Barricks. It further alleged that the Barricks had received a quote for the premium of a personal liability umbrella policy from Mr. Jones's staff, and that they had chosen not to purchase the policy. State Farm also asserted that, in May 2007, a member of Mr. Jones's staff requested that the Barricks meet with Mr. Jones for an insurance and financial review, and that the Barricks refused the request.

State Farm asserted the affirmative defense of the failure to state a claim and asserted that the Barricks' claim was barred where their fault was at least equal to that of Defendants. It also asserted that the Barricks' breach of contract claim was barred by the statute of frauds and that their TCPA claim was barred by the statue of limitations. State Farm also asserted that it was entitled to attorney's fees and expenses pursuant to the TCPA because the Barricks' claim under the act were without factual and legal merit. Mr. Jones admitted that the Barricks had been customers for an extended period of time, but denied that he selected the Barricks' insurance. Mr. Jones admitted that he and his staff assisted the Barricks and that he procured the insurance policies. He denied any special relationships and averred that any inadequacy that might be found in the Barricks' insurance coverage resulted from their decision not to purchase additional insurance. Mr. Jones denied that he had any duty to select additional insurance for the Barricks, and averred that the Barricks had received a quote for an umbrella policy from his staff and had chosen not to purchase a policy. Mr. Jones also relied on the affirmative defenses asserted by State Farm.

Defendants filed a joint motion for summary judgment in May 2011. In their motion, Defendants asserted that, in the absence of a contractual obligation, an insurance agent has no duty to suggest or recommend coverage other than that which the insured directs the agent to obtain. They further asserted that any alleged contract that might create an ongoing obligation was barred by the statute of limitations; that there was no special relationship

between Mr. Jones and the Barricks that imposed a special duty on Mr. Jones; and that, under Tennessee law, the Barricks were presumed to have read their insurance policies and were bound by their terms.

Following a hearing in March 2012, the trial court awarded summary judgment to Defendants on the Barricks' claim for negligence. The trial court determined that Defendants had affirmatively negated an essential element of the Barricks' claim where it was undisputed that the Barricks had received copies of their insurance policies, declarations pages, and renewal notices from State Farm detailing their insurance coverages and limits. The trial court concluded that, as a matter of law, Mr. Jones's duty to the Barricks ended when he obtained the insurance that the Barricks had in place for more than twenty years. The trial court concluded that the Barricks' direct claims against State Farm for failure to properly supervise and train failed because "State Farm owed no duty to Plaintiffs that was breached." The trial court entered its judgment on June 14, 2012, and the Barricks filed a notice of appeal to this Court on June 20, 2012.

### *Issues Presented*

The Barricks present the following issues for our review:

I. Whether the trial court misapplied Tennessee Rule of Civil Procedure 56 as interpreted by *Hannan v. Alltel Publishing Co.*
   a. Whether a genuine issue of fact exists as to whether Mr. Jones selected and conducted periodic reviews of Plaintiffs' automobile-liability-insurance coverages.
   b. Whether a genuine issue of fact exists as to what manner of offers or recommendations Mr. Jones made to the Barricks.

II. Whether the trial court erred by ruling that an insurance agent can never owe a duty of care to a policyholder after the issuance of a policy.

III. Whether the trial court incorrectly concluded that Plaintiffs could not prove at trial that an implied contract existed between Plaintiffs and Mr. Jones/State Farm.

IV. Whether the trial court erred by holding that a special relationship did not exist between the Plaintiffs and Mr. Jones.

V. Whether the trial court erred in concluding that Plaintiffs could not show that Mr. Jones assumed a duty by selecting coverage limits and

conducting periodic reviews.

VI. Whether the trial court erred in granting summary judgment on Plaintiffs' claims against State Farm.

***Discussion***

The Barricks have appealed the judgment of the trial court pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Although neither party raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *E.g., Williams v Tennessee Farmers Life Reassurance Co.*, No. M2010–01689–COA–R3–CV, 2011 WL 1842893, at *3 (Tenn. Ct. App. May 12, 2011; Tenn. R. App. P. 13(b). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. Tenn. R. Civ. P. 54.02. An order is not properly made final pursuant to Rule 54.02 unless it disposes of an entire claim or is dispositive with respect to a party. *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 558 (Tenn.1990). In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *Id.*

Upon review of the record, we note that the Barricks' TCPA claim was not addressed in Defendants' motion for summary judgment. It further appears that the trial court has not adjudicated the Barricks' claim under the TCPA, or Defendants' counter-claim for costs and attorney's fees for a meritless TCPA claim. Thus, the trial court's June 2012 order is not an appealable final judgment.

### *Holding*

In light of the foregoing, this appeal is dismissed for failure to appeal a final judgment. Costs are taxed to the Appellants, Steven Barrick and Janice Barrick, and to their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE